# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA ESCOBEDO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNKNOWN, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.  15cv2800 DMS (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

　　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than February 22, 2016,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.  The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application to Petitioner along with a copy of this Order.

//

# FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

# FAILURE TO PRESENT COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

//

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States</u>.

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Here, Petitioner, although the Petition is difficult to read, it appears Petitioner is claiming there was error with regard to jury instruction.  (*See* Pet. at 8.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States

Constitution." *Id*. at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for

1 tolling, the statute of limitations does run while a federal habeas petition is pending.
2 *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, as discussed above, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that, as discussed above, under AEDPA a one-year period of limitation applies to a petition for a writ of habeas corpus by a person

in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed satisfy the filing fee requirement, failed to name a proper respondent, failed to state a cognizable claim, and failed to allege exhaustion.  To have this case reopened, Petitioner must, **no later February 22, 2016**, do two things: (1) either pay the filing fee or provide adequate proof of his inability to pay **and** (2) file a First Amended Petition that cures the pleading deficiencies set forth above.  *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank in forma pauperis application and a blank amended petition form.*

**IT IS SO ORDERED.**

Dated:  December 18, 2015

Hon. Dana M. Sabraw
United States District Judge